UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| EVOLUTION TECHNOLOGIES INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 1:13-CV-1060-GBL-IDD |
| | § |
| MEDICAL HOUSE SUPPLY GROUP, | § JURY TRIAL DEMANDED |
| INC. and MEDICAL DEPOT, INC. | § |
| | § |
| Defendants. | § |

**ANSWER TO COMPLAINT, DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS MEDICAL HOUSE SUPPLY GROUP, INC. AND MEDICAL DEPOT, INC.**

Defendants, Medical House Supply Group, Inc. (hereinafter "Medical House") and Medical Depot, Inc. (hereinafter "Medical Depot") (collectively, "Defendants"), by and through the undersigned counsel, respond to the Complaint filed by Evolution Technologies Inc. ("Evolution") as follows:

Parties and Jurisdiction

1. The allegations in paragraph 1 of the Complaint are not directed at Defendants and therefore require no response from them. To the extent that a response is required, Defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore, Defendants deny same.

2. Medical House admits that it has a retail location in Falls Church, Virginia. Medical House admits that it sells foldable walkers, including the NITRO rollator, within this district.

3. Medical Depot admits that it is a Delaware corporation having a principal place of business in Port Washington, New York.

57384965.2

4. Medical Depot admits that it sells folding walkers and rollators, including the NITRO rollator, in the United States and in this district. Medical Depot admits that it sells the NITRO rollator to Medical House.

4. Paragraph 5 of the Complaint was improperly numbered paragraph 4. Defendants admit that Evolution filed a complaint for infringement of U.S. Patent No. 8,083,239. Defendants deny all allegations of patent infringement.

5. Defendants admit that this Court has jurisdiction over actions of patent infringement. Defendants deny that venue is convenient in this district.

6. Medical Depot submits to the jurisdiction of this Court for this action only. Medical Depot admits that it sells medical products in Virginia, but denies the remaining allegations of paragraph 6.

General Allegations

7. Defendants admit that Evolution purports to be in the business of designing, manufacturing, distributing and selling walkers and rollators. Defendants deny the remaining allegations of paragraph 7.

8. Defendants admit that Evolution attached the '239 Patent as Exhibit 1 to its Complaint. Defendants admit that the '239 Patent was filed on October 8, 2008 and issued on December 27, 2011. Defendants admit that the '239 Patent lists Julian Liu as the inventor of the alleged patented invention. Defendants deny the remaining allegations of paragraph 8.

9. The allegation of paragraph 9 is a legal conclusion that does not require a response. Defendants deny that the '239 Patent is valid.

10. Defendants deny the allegation of paragraph 10.

11. Defendants are without information sufficient to form a belief as to the truth of the allegation of paragraph 11, and therefore, Defendants deny same.

12. Medical Depot admits that it sells foldable walkers, including the NITRO rollator, in this district to Medical House and other customers. Medical House admits that it sells the NITRO rollator. Defendants deny all allegations of patent infringement.

13. Medical Depot admits that it received a letter mentioning the '239 Patent on May 3, 2013. Medical Depot denies that this letter constitutes proper legal notice of infringement.

14. Defendants are without information sufficient to form a belief as to the truth of the allegation of paragraph 14, and therefore, Defendants deny same.

## COUNT I

### Patent Infringement

15. Paragraphs 1 through 14 are adopted and incorporated herein by reference as if fully set out in this paragraph 15.

16. Defendants are without information sufficient to form a belief as to the truth of the allegation of paragraph 16, and therefore, Defendants deny same.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

**PRAYER FOR RELIEF**

29. Defendants deny that Evolution is entitled to any of the relief sought in the Complaint.

30. To the extent any allegations of the Complaint have not been previously specifically admitted or denied, Defendants deny them.

**ADDITIONAL DEFENSES**

31. For its additional defenses, Defendants incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-30 of the Complaint. Without assuming any burden other than that imposed by operation of law, Defendants plead the following additional defenses:

**FIRST DEFENSE**
**(INVALIDITY OF U.S. PATENT NO. 8,083,239)**

32. Each claim of the '239 Patent is invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 1 *et seq.,* including without limitation, the requirements in §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

33. The claims of the '239 Patent are invalid because they are anticipated by prior art under 35 U.S.C. § 102 and/or rendered obvious under 35 U.S.C. § 103.

**SECOND DEFENSE**
**(NON-INFRINGEMENT OF U.S. PATENT NO. 8,083,239)**

34. Defendants have not infringed and do not infringe, directly, indirectly, contributorily, by inducement, or otherwise, any valid and/or enforceable claim of the '239 Patent, either literally or under the doctrine of equivalents, and are not liable for any infringement of the '239 Patent.

**THIRD DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL)**

35. Evolution is estopped from asserting any interpretation of any valid and enforceable claim of the '239 Patent to cover any of Defendants' products used, imported, sold, or offered for sale; and Evolution's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution of the '239 Patent and/or any related patents or patent applications.

**FOURTH DEFENSE**
**(LIMITATIONS ON DAMAGES AND COSTS)**

36. Evolution is precluded from recovering damages from Defendants for any alleged infringement of the '239 Patent before that patent issued on December 27, 2011. Upon information and belief, Evolution's damages are limited due to failure to comply with the marking requirements of 35 U.S.C. § 287.

**FIFTH DEFENSE**
**(EQUITABLE DEFENSES)**

37. Evolution's claims for relief are barred in whole or in part under principles of equity, including laches, waiver, estoppel, and/or unclean hands.

## ADDITIONAL DEFENSES RESERVED

38.     Defendants reserve the right to assert all other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now or in the future be available based on discovery, any other factual investigation, or any other development relating to this case or any other action.

## COUNTERCLAIMS

Without waiver of any of their rights, including the right to seek dismissal and/or transfer of this action, Defendants/Counter-Plaintiffs, Medical House Supply Group, Inc. (hereinafter "Medical House") and Medical Depot, Inc. (hereinafter "Medical Depot") (collectively, "Defendants"), by and through the undersigned counsel, and by way of Counterclaims against Plaintiff/Counter-Defendant, Evolution Technologies, Inc. ("Evolution"), allege as follows:

## PARTIES

39. Medical House is a corporation duly organized under the laws of the State of Virginia that operates a retail location at 440 S. Washington St., Falls Church, Virginia 22046.

40. Medical Depot is a corporation duly organized under the laws of the State of Delaware, and has a principal place of business at 99 Seaview Boulevard, Port Washington, New York 11050.

41. According to paragraph 1 of the Complaint, Evolution is a corporation formed under the laws of Canada with its principal place of business in British Columbia, Canada.

## JURISDICTION AND VENUE

42. These counterclaims arise under the United States patent laws, 35 U.S.C. §§ 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

43. To the extent that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 for Evolution's claims against Defendants, venue is proper for these counterclaims. With regard to Evolution's claims against Defendants, Defendants deny that venue is convenient under 28 U.S.C. § 1404.

44. Evolution has sued Defendants for patent infringement of the '239 Patent. Defendants deny infringement and deny that the patent is valid. There are substantial, actual, and continuing controversies between Evolution and Defendants as to the validity and infringement of the '239 Patent.

45. Evolution has consented to personal jurisdiction by commencing its action for patent infringement in this judicial jurisdiction, as set forth in Evolution's Complaint.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,083,239)

46. Defendants repeat, reallege, and incorporate by reference the allegations of all the preceding and subsequent paragraphs of Defendants' Answer, Defenses, and Counterclaims as if fully set forth herein.

47. On information and belief, the '239 Patent is invalid and/or unenforceable for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. §§ 1 *et seq.*, including without limitation, the requirements in §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

48. On information and belief, the claims of the '239 Patent are invalid because they are anticipated by prior art under 35 U.S.C. § 102 and/or rendered obvious under 35 U.S.C. § 103.

49. A judicial declaration that the '239 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Defendants can ascertain their rights and duties with respect to the products that Evolution accuses of infringing the '239 Patent.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**
**U.S. PATENT NO. 8,083,239)**

50. Defendants repeat, reallege, and incorporate by reference the allegations of all the preceding and subsequent paragraphs of Defendants' Answer, Defenses, and Counterclaims as if fully set forth herein.

51. Defendants, Medical House and Medical Depot, have not infringed and do not infringe, directly, indirectly, contributorily, by inducement, or otherwise, any valid and/or enforceable claim of the '239 Patent, either literally or under the doctrine of equivalents, and are not liable for any infringement of the '239 Patent.

52. A judicial declaration that Defendants, Medical House and Medical Depot, do not infringe the '239 Patent is necessary and appropriate at this time so that Defendants can ascertain their rights and duties with respect to the products that Evolution accuses of infringing the '239 Patent.

**RESERVATION OF ADDITIONAL COUNTERCLAIMS**

53. As discovery in this case has not yet commenced, and as Defendants continue to investigate the allegations set forth in the Complaint, Defendants specifically give notice that they intend to assert additional counterclaims that may become available by law, statute, or upon discovery in this case. As such, Defendants hereby reserve the right to amend their Answer and to assert such additional counterclaims as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Virginia.

**RELIEF REQUESTED**

Wherefore, Defendants respectfully request:

A. That the Court dismiss the Complaint against Medical House and Medical Depot with prejudice and find that Evolution take nothing by way of its Complaint;

B. That the Court enter a judgment declaring that Medical House and Medical Depot have not infringed and do not infringe the '239 Patent;

C. That the Court enter a judgment denying any award to Evolution for damages, enhanced damages, interest, costs, or attorneys' fees;

D. That the Court enter a judgment declaring that each claim of the '239 Patent is invalid under 35 U.S.C. § 1 *et seq.*;

E. That the Court find and enter a permanent injunction restraining Evolution and its officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue Medical House, or Medical Depot, or their customers for infringement of the '239 Patent;

F. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and an award of the reasonable attorneys' fees, costs, and expenses incurred by Medical House and Medical Depot in this action;

G. That the Court award Medical House and Medical Depot any and all other relief to which they may show themselves to be entitled; and

H. That the Court award Medical House and Medical Depot any other relief the Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Defendants, Medical House and Medical Depot, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: October 29, 2013					Respectfully submitted,

          */s/ David M. Foster*
          David M. Foster
          Virginia Bar No. 20799
          FULBRIGHT & JAWORSKI LLP
          801 Pennsylvania Avenue, N.W.
          Washington, DC 20004-2623
          Phone:  (202) 662-0200
          Fax:  (202) 662-4643
          Email:  david.foster@nortonrosefulbright.com

          Charles S. Baker (admitted *pro hac vice*)
          FULBRIGHT & JAWORSKI LLP
          1301 McKinney, Suite 5100
          Houston, TX 77010
          Phone:  (713) 651-8396
          Fax:  (713) 651-5246
          Email:  charles.baker@nortonrosefulbright.com

          COUNSEL FOR DEFENDANTS MEDICAL HOUSE
          SUPPLY, INC. AND MEDICAL DEPOT, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which caused an electronic copy of this document to be served on all counsel of record.

*/s/ David M. Foster*
David M. Foster
