IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

EVOLUTION TECHNOLOGIES, INC.,

    Plaintiff,

v.

MEDICAL HOUSE SUPPLY GROUP,
INC., and MEDICAL DEPOT, INC.,

    Defendants.

Case No. 1:13-CV-1060-GBLI-IDD

JURY TRIAL DEMANDED

## PROPOSED DISCOVERY PLAN

In advance of the Pretrial Conference set for November 20, 2013 (DN 19), the Parties have met and conferred to consider and discuss all matters set forth in the Court's order and all those required by Federal Rules of Civil Procedure 16 and 26. Participating in the conference for Plaintiff were Joseph W. Berenato, III and Steven B. Kelber. Participating in the conference for Defendants was Charles S. Baker. The parties respectfully propose the following discovery plan:

### SUBJECTS OF DISCOVERY

Discovery in this action will be needed concerning the allegations of the Complaint filed by Plaintiff on August 23, 2013, and the counterclaims, averments, and defenses asserted in the Answer filed by Defendants on October 29, 2013.

### SETTLEMENT

The parties have discussed the possibilities of settlement and contemplate a settlement meeting at a date in the future. Settlement will be considered in the context of parallel litigation in Canada.

**DISCOVERY**

1. The parties may initiate discovery (<u>e.g.</u>, service of interrogatories, document requests, requests for admissions, notices of deposition, etc.) October 30, 2013.

2. The pretrial conference shall be held on November 20, 2013 at 11:00 am. (Order, DN 19).

3. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be exchanged no later than December 2, 2013.

4. All requests for factual discovery shall be served by a date sufficiently early so that all factual discovery in this case is completed no later than March 14, 2014. (Order, DN19).

5. During the course of prosecuting and defending this lawsuit, the parties anticipate that some documents and testimony which will be requested may include trade secrets or other confidential research, development, or confidential information and the parties will discuss and submit a Protective Order for the Court's approval by December 6, 2013. Should the parties be unable to agree to terms, a hearing is requested at the Court's convenience on December 9, 2013 or as soon thereafter as convenient.

6. All discovery motions shall comply with Fed. R. Civ. P. Rule 37(a)(2)(A) by including "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."

**EXPERT WITNESSES**

7. Experts' vitae shall be served by January 6, 2014, for the party having the burden of proof on a particular issue in the case. Counter experts' vitae shall be served by January 20 2014.

    a.  Expert reports and disclosures required by Rule 26(a)(2), for each issue appropriate for expert testimony, shall be served by January 10, 2014, for the party having the burden of proof on a particular issue in the case. Counter expert reports shall be served by February 10, 2014.

    b.  The deposition of experts shall be concluded by March 1, 2014.

### CLAIM CONSTRUCTION – MARKMAN HEARING

7. No later than January 7, 2014, the parties shall exchange a preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes. Each "preliminary claim construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structures, acts or materials corresponding to that element. At the same time the parties exchange their respective "preliminary claim constructions," they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witnesses, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony. The parties shall thereafter meet and confer concerning claim terms during the week of January 13, 2014. The parties shall exchange proposed final construction of terms in dispute by January 23, 2014 for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement by February 7, 2014.

8. No later than January 31, 2014, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in conjunction with the "preliminary claim constructions."

9. No later than February 7, 2014, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

   a. The construction of those claim terms, phrases, or clauses on which the parties agree;
   b. Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all referenced from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely, either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;
   c. Whether any party proposes to call one or more witnesses, including experts, at the Markman hearing, the identity of each witness, and for each expert, a summary of each opinion to be offered; and
   d. A list of any other issues which might appropriately be taken up at a Prehearing Conference prior to the Markman hearing, and proposed dates, if not previously set, for any such Prehearing Conference.

10. No later than February 14, 2014, the parties may submit, subject to objection, joint or separate tutorials concerning the technology at issue in this case. The tutorial may be on matter and of any format approved by the Court. Each tutorial shall not exceed ½ hour in length.

11. No later than February 14, 2014, the parties shall serve and file their opening Markman briefs and any evidence supporting their claim construction; no later than February 24, 2014, the parties shall serve and file their Markman reply briefs and any evidence directly rebutting the supporting evidence contained in the opening brief of the other party.

12. On March 1, 2014, or as soon thereafter as is convenient for the Court, the Court will conduct a Markman hearing to the extent the parties or the Court believe a hearing is

necessary for construction of the claims at issue.  The Court may decline to construe any claim limitation that was not properly presented to the Court for construction in the context of this hearing.

## **DISPOSITIVE MOTIONS**

13. On or before March 8, 2014, all dispositive motions shall be served and filed.

14. All summary judgment motions shall comply with Local Civil Rule 56, which provides that:

> (A) Time of Filing: No motion for summary judgment shall be considered unless it is filed and set for hearing or submitted on briefs within a reasonable time before the date of trial, thus permitting a reasonable time for the Court to hear arguments and consider the merits after completion of the briefing schedule specified in Local Civil Rule 7(F)(1).
>
> (B) Listing Of Undisputed Facts: Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.
>
> (C) Separate Motions: Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment.

15. All summary judgment motions shall also comply with Local Civil Rule 7(F), which provides that:

> (1) All motions, unless otherwise directed by the Court and except as noted herein below in subsection 7(F)(2), shall be accompanied by a written brief setting

> forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies. Unless otherwise directed by the Court, the opposing party shall file a responsive brief and such supporting documents as are appropriate, within eleven (11) days after service and the moving party may file a rebuttal brief within three (3) days after the service of the opposing party's reply brief. No further briefs or written communications may be filed without first obtaining leave of Court.
>
> (2) Briefs need not accompany motions for: (a) a more definite statement; (b) an extension of time to respond to pleadings, unless the time has already expired; and (c) a default judgment.
>
> (3) All briefs, including footnotes, shall be written in 12 point Roman style or 10 pitch Courier style with one inch margins. Except for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced and rebuttal briefs shall not exceed twenty (20) such pages.

16. All summary judgment responses shall be filed within 21 days from service of the motion.

## FINAL PRETRIAL / SETTLEMENT CONFERENCE

17. Counsel shall exchange proposed jury instructions and voir dire with opposing counsel no later than March 15, 2014. Objections to these shall be filed by March 30, 2014.

18. A final pretrial conference pursuant to Order will take place on March 20, 2014. Interim pretrial conferences are not at this time deemed necessary, although the parties indicate that they would be available if such conferences were desired by the Court.

19. All Rule 26(a)(3) disclosures shall be filed on or before the February 28, 2014. All objections to the 26(a)(3) disclosures shall be made by March 7, 2014.

20. A proposed Joint Pretrial Order shall be distributed by Plaintiff's counsel by March 17, 2014 setting forth : (1) a stipulation of any undisputed facts; (2) identification of documents, summaries of other evidence, and other exhibits in accordance with Rule 26

(a)(3)(A)(iii) to which the parties agree; (3) identification of Rule 26(a)(3)(A)iii materials sought to be introduced by each party to which there are no unresolved objections, stating the particular grounds for each objection, and arranging for the presence of any such materials at the pretrial conference; (4) identification of witnesses in accordance with Rule 26 (a)(3)(i) indicating any unresolved objections to the use of a particular witness and the grounds therefor, and designating those witnesses expected to testify by deposition in accordance with Rule 26(a)(3)(A)(ii); (5) the factual contentions of each party; and (6) the triable issues as contended by each party.

.

## DATES AND DEADLINES TO BE SET BY THE COURT

21. All motions in limine (e.g., witnesses, exhibits, etc.) shall be filed by or before a date designated by the Court, with oppositions thereto to be filed no later than a date designated by the Court.

22. All proposed jury instructions shall be filed by or before a date designated by the Court, with oppositions thereto to be filed no later than a date designated by the Court.

23. All motions to amend the pleadings shall be filed on or before a date designated by the Court, with opposition thereto to be filed no later than a date designated by the Court.

24. All motions to add parties shall be filed on or before a date designated by the Court, with opposition thereto to be filed no later than a date designated by the Court.

## TRIAL DATE

25. A jury trial will be held on a date designated by the Court between the dates of April 11, 2014 and May 9, 2014.

26. It is estimated that the jury trial will take approximately one (1) week (5 trial days).

## ADDITIONAL PROCEDURES

27. All requests of the Court are to be made by formal motion in accordance with Local Civil Rule 7 and the Federal Rules of Civil Procedure. Requests and arguments contained in letters will not be considered by the Court.

28. The parties shall comply with Local Civil Rules 5 and 79 when filing documents with the court.

29. One business day before trial, the party intending to offer exhibits at trial shall

place them in a binder, properly tabbed, numbered, and indexed, and the original and two (2) copies shall be delivered to the Clerk, with copies in the same form to the opposing party. The submitting party may substitute photographs for demonstrative or sensitive exhibits.

30. The Court expects counsel to confer and to make a good faith effort to settle the case. Counsel should explore various methods of alternate dispute resolution (ADR). If the parties are serious about mediation, the Court will, upon request, refer the case to one of the Magistrate Judges for mediation, at no cost to the parties.

31. The foregoing schedule shall not be modified except upon a showing of good cause and by leave of the Court. The pendency of motions or settlement discussions shall not justify modification of the schedule, nor delay the taking of discovery.

## PHASES OF DISCOVERY

Discovery shall not be conducted in phases and is not to be limited to or focused upon particular issues.

## DISCOVERY LIMITATIONS

Pursuant to the Scheduling Order, no party will take more than five (5) non-party, non-expert depositions without leave of Court, and no party will serve on the other party more than thirty (30) interrogatories, including parts and subparts, without leave of Court. Further, the parties agree to the electronic service of discovery requests and motions.

## CERTIFICATION OF THE PARTIES

The parties signify by the signatures themselves or their counsel below that they have conferred to consider the claims, defenses, possibilities of a prompt settlement or resolution of the case, trial before a Magistrate Judge, the disclosures required by Rule 26(a)(10), and to develop a discovery plan.

Respectfully submitted,

/s/ Joseph W. Berenato, III
Joseph W. Berenato, III (jberenato@bw-iplaw.com)
Virginia Bar No. 22975
Steven B. Kelber (skelber@bw-iplaw.com) (admitted *pro hac vice*)
Matthew W. Stavish (mstavish@bw-iplaw.com) (admitted *pro hac vice*)

Berenato & White, LLC
Suite 240
6550 Rock Spring Drive
Bethesda, Maryland 20817
Main: (301) 896-0600
Fax: (301) 896-0607

*Attorneys for Plaintiff*

*/s/ David M. Foster*
David M. Foster
Virginia Bar No. 20799
FULBRIGHT & JAWORSKI LLP
801 Pennsylvania Avenue, N.W.
Washington, DC 20004-2623
Phone: (202) 662-0200
Fax:    (202) 662-4643
david.foster@nortonrosefulbright.com

Charles S. Baker (admitted *pro hac vice*)
FULBRIGHT & JAWORSKI LLP
1301 McKinney, Suite 5100
Houston, TX 77010
Phone: (713) 651-8396
Fax:    (713) 651-5246
charles.baker@nortonrosefulbright.com

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

  I hereby certify that on November 14, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following in accordance with the Federal Rules of Civil Procedure:

David M. Foster
Fulbright and Jaworski LLP
801 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2623

Charles S. Baker
Fulbright and Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX 777010


*Attorneys for Defendants*


              /s/ Joseph W. Berenato, III
              Joseph W. Berenato, III
              *Attorney for Plaintiff*